UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Frederick Duane Fisher, | Case No. 22-cv-2366 (JRT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eddie Miles,<br>*Warden*, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Fredrick Duane Fisher's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). [Docket No. 1].

Petitioner Frederick Duane Fisher pleaded guilty in Minnesota state court to one count of first-degree driving while impaired in violation of Minn. Stat. § 169A.24. See State v. Fisher, No. A21-0358 (Minn. Ct. App. Mar. 7, 2022); see also Pet. Ex. [Docket No. 1-1] at 1–12 (appellate opinion). In the Petition now before the Court, Petitioner contends that the sentencing court miscalculated (or failed to calculate) his criminal-history score under the Minnesota Sentencing Guidelines and failed to adequately address his arguments regarding the alleged miscalculation of the criminal-history score. (See Petition [Docket No. 1] at 5–7). This matter is before the Court for review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, the Court recommends that the present habeas Petition be summarily denied.

Under Minnesota law, a sentencing court has wide discretion to impose an appropriate sentence. See State v. Soto, 855 N.W.2d 303, 307–08 (Minn. 2014). The bounds of that discretion, however, are cabined by the Minnesota Sentencing Guidelines, which prescribe a sentence or range of sentences presumed to be appropriate. Id. As with the United States Sentencing Guidelines, the presumptive sentence provided by the Minnesota Sentencing Guidelines for a given offense is determined by two factors: the severity of the offense and the criminal history of the offender. See Minnesota v. Fisher, No. A21-0358, 2022 WL 665354, at *2 (Minn. Ct. App. Mar. 7, 2022), review denied (May 17, 2022). Accordingly, to determine the presumptive sentence of a defendant, a Minnesota court must correctly calculate the criminal-history score of that defendant under the Minnesota Sentencing Guidelines. Petitioner contends (correctly, it seems[1]) that the trial court in his matter did not calculate his criminal-history score prior to imposing his initial sentence. In Ground One of the habeas petition, Petitioner contends that the sentencing court erred in failing to calculate the criminal-history score, while in Ground Two, Petitioner contends that the sentencing court should have considered his substantive arguments regarding the correct calculation of the criminal-history score when the issue was before it.

Two fundamental rules of habeas jurisprudence necessitate denial of the present Petition. First, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also 28 U.S.C. § 2241(c)(3) (authorizing the granting of a writ of habeas corpus

---

[1] This is a question of state law, and as explained below, questions of state law are not properly before this Court on habeas review. But this was the conclusion of the Minnesota Court of Appeals, which reversed the judgment and remanded the matter to the sentencing court for further proceedings due to that court's failure to calculate the criminal-history score. See Fisher, 2022 WL 665354, at *3–5. That Petitioner continues to seek federal habeas relief is therefore puzzling; the Minnesota Court of Appeals has already largely vindicated Petitioner on the claims raised in his federal habeas petition. What appears to be motivating this proceeding is that Petitioner seeks to have this Court affirmatively declare the appropriate criminal-history score and sentence to be imposed on remand. (See, Petition [Docket No. 1] at 15 (requesting that this Court order the sentencing court to calculate a "proper criminal score of 3" and impose a sentence at the "low end of the box.")).

2

where the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."). The question presented in Ground One of the present Petition—whether Petitioner's criminal-history score was correctly calculated under the Minnesota Sentencing Guidelines—turns entirely on questions of Minnesota law, not federal law. Accordingly, the claim is not cognizable in a federal habeas petition. See, e.g., Strobel v. Titus, No. 19-cv-0583 (NEB/BRT), 2019 WL 8015210, at *2 (D. Minn. Dec. 20, 2019) (rejecting similar habeas challenge to calculation of criminal-history score under the Minnesota Sentencing Guidelines); Welch v. Fabian, No. 9-cv-1404 (ADM/FLN), 2009 WL 2170993, at *2 (D. Minn. July 17, 2009). Neither does Ground Two—in which Petitioner argues that the sentencing court abused its discretion by failing to adequately consider his arguments when put before it—clearly or expressly present any issue of federal law; indeed, Ground Two appears ultimately to be only a restatement of Ground One.

Second, even if a federal-law claim could somehow be implied from the present Petition now before the Court, Petitioner would have been required to have fairly presented that federal-law claim to the Minnesota state courts before he could raise that claim on federal habeas review. See 28 U.S.C. § 2254(b); Baldwin v. Reese, 541 U.S. 27, 29 (2004). Fair presentation of a claim for relief includes presentation of that claim to state courts of discretionary review, such as the Minnesota Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (concluding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Petitioner has supplied a copy of the petition for review submitted to the Minnesota Supreme Court on direct appeal, and that petition for review does not present any federal-law claim for relief. (See Pet. Ex. [Docket No. 1-1] at 13–26). Nowhere in that petition for review did Petitioner cite or refer to federal law, much less rely upon federal law as a basis for relief. Thus, even if the present Petition

could be interpreted as seeking relief under federal law, Petitioner's failure to exhaust that federal-law claim would preclude consideration of that claim on habeas review.

Accordingly, it is recommended that the habeas Petition be denied. Should that recommendation be adopted, petitioner will be unable to appeal the denial unless he is issued a certificate of appealability ("COA"), see, 28 U.S.C. § 2253(c), and a district court may issue a COA only where "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court does not believe that the procedural grounds upon which dismissal is recommended here are fairly debatable, and therefore it is recommended that a COA not be issued.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of Petitioner Frederick Duane Fisher, [Docket No. 1], be **DENIED**; and

2. No certificate of appealability be issued.

Dated: September 30, 2022         s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).