UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FREDERICK DUANE FISHER,

                Petitioner,

v.

EDDIE MILES,
*Warden*,

                Respondent.

Civil No. 22-2366 (JRT/LIB)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

Frederick Duane Fisher, OID # 189340, MCF Saint Cloud, 2305 Minnesota Boulevard Southeast, Saint Cloud, MN 56304, *pro se* Petitioner.

Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for Respondent.

Petitioner Frederick Duane Fisher has petitioned the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254, arguing that the sentencing court miscalculated his criminal-history score under the Minnesota Sentencing Guidelines and failed to adequately address his arguments about the alleged miscalculation. The Magistrate Judge reviewed the merits of Fisher's petition and issued a report and recommendation ("R&R") recommending that the petition be summarily denied because (1) whether his criminal history was miscalculated is a matter of state law that cannot be reviewed in a federal habeas petition, and (2) even if there was a federal law argument, it was not adequately presented to the Minnesota state courts. Fisher objects to the R&R and

argues that his constitutional rights have been violated by the state's failure to provide adequate documentation that his federal conviction is equal to a state statute.

The Court finds both that Fisher failed to claim a violation of federal law and that his claim was not exhausted in the Minnesota state courts. The Court will therefore overrule Fisher's objections, adopt the R&R, and dismiss his Petition for Writ of Habeas Corpus.

<strong>BACKGROUND</strong>

**I.      CRIMINAL-HISTORY SCORE CALCULATION**

Fisher was arrested by Bemidji police officers after he fled his vehicle on foot. *State v. Fisher*, A21-0358, 2022 WL 665354 at *1 (Minn. Ct. App. Mar. 7, 2022). The officers conducted a breath test, which showed Fisher's alcohol concentration to be above the legal limit for driving. Subsequently, the state charged Fisher with one count of first-degree DWI under Minn Stat. § 169.A.24, subd. 1 (2016), and one count of gross-misdemeanor driving after his license was cancelled under Minn. Stat. § 171.24, subd. 5 (2016). Fisher pleaded guilty to the DWI, and the state dropped the second count against him. *Fisher*, 2022 WL at 665354 at *1.

The state trial court ordered a presentence investigation ("PSI") report, which included a sentencing worksheet calculating Fisher's criminal-history score. *Id.* The PSI worksheet assigned Fisher two criminal-history points for a 2003 federal assault conviction, based upon a Minnesota assault statute that corresponds with two criminal-history points. This brought his total criminal history score to four points. *Id.*

At sentencing, Fisher argued that he should be assessed one point instead of two points for his federal assault conviction because the Minnesota assault statute is not equivalent to the federal statute under which he was convicted. *Id.* at *2. The sentencing judge declined to address the criminal-history-score argument and imposed a 63-month sentence.[1]

## II.     STATE COURT APPEALS

Following his sentencing hearing, Fisher filed a Notice of Appeal asking the Minnesota Court of Appeals to assign him only one criminal-history point for his 2003 federal assault. The Court of Appeals agreed that the district court abused its discretion by failing to determine Fisher's criminal history score before imposing a sentence. *Id.* at *3. However, rather than concluding that Fisher should have only received one criminal-history point for the 2003 federal assault, the Court of Appeals reversed and remanded to further develop the record. *Id.* at *5.

Fisher then requested Minnesota Supreme Court review, arguing that the Court of Appeals erred in remanding for resentencing, rather than outright determining Fisher's criminal history score. (Pet. Writ Habeas Corpus, Ex. at 13–26, Sept. 26, 2022, Docket No. 1-1.) The Minnesota Supreme Court denied Fisher's request for review. (*Id.* at 29.)

---

[1] It should be noted that the PSI stated that the presumptive range for Fisher's sentence was 51 to 72 months. Fisher's attorney later stated that, under his corrected criminal history score, the appropriate range would have been 46 to 64 months. *State v. Fisher*, A21-0358, 2022 WL 665354 at *1–2 (Minn. Ct. App. Mar. 7, 2022). Thus, Fisher's ultimate sentence fell within either guideline range.

**III.   PROCEDURAL HISTORY**

After the Minnesota Supreme Court declined to hear his case, Fisher filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  (Pet. Writ Habeas Corpus, Sept. 26, 2022, Docket No. 1.)  Fisher raises two grounds in his petition.  First, he claims that the state court failed to determine the proper criminal-history score.  (*Id.* at 5.)  Second, he claims that the state court judge abused their discretion in refusing to consider Fisher's argument that the incorrect criminal-history score was used to calculate his sentence.  (*Id.* at 7.)  Fisher asks the Court to order the state court to resentence him using only one criminal-history point for his 2003 felony conviction.  (*Id.* at 15.)

Fisher's petition was referred to the Magistrate Judge who issued a Report and Recommendation ("R&R") on September 30, 2022.  (R&R, Sept. 30, 2022, Docket No. 2.)  The Magistrate Judge recommended that the Court summarily deny the petition because (1) whether Fisher's criminal history score was correctly calculated is an issue of Minnesota law, not federal law, and (2) even if a federal law claim was implied from his petition, Fisher failed to present that federal law claim to the Minnesota state courts.  (*Id.* at 3.)

Fisher objects to the R&R.  He now argues that the district court's failure to properly calculate his criminal history score presents a "federal constitutional breach of protection."  (Obj. R&R at 1, Oct. 14, 2022, Docket No. 3.)  From his perspective, the state failed to show that his 2003 federal assault conviction is equivalent to the Minnesota assault statute.  Accordingly, it was inappropriate for the sentencing court to assign two

-4-

criminal-history points. (*Id.*) Fisher further argues that the state courts had the authority to remand his sentence but failed to do so despite the evidence in his favor. (*Id.* at 2.) He also requests a certificate of appealability so that he can proceed with further federal review. (*Id.*)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"). However, de novo review of a magistrate judge's R&R "only means a district court 'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F.Supp.2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are

reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a *pro se* litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general *pro se* objections to R&Rs, to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). However, *pro se* litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.    ANALYSIS

As a preliminary matter, even though Fisher puts forth the same arguments as he did to the Magistrate Judge, the Court will review the R&R de novo. Fisher objects to the R&R based on the state's failure to show that the Minnesota assault statute is comparable to the federal assault statute under which he was convicted, which he argues violates "federal constitutional protections." (Obj. at 1.) This argument is largely equivalent to the grounds he raised in his petition. (*See* Pet. at 5 ("District Judge erred, abused discretion by failing to sentence petitioner to proper criminal history score, and incarcerated petitioner to an illegal sentence. Petitioner challenged criminal history score application of 2 pts. for an out of state conviction, which procedurally should have been assessed a 1 pt only.").) Though Fisher has broadly repeated the same arguments he

previously made, the Eighth Circuit encourages courts to liberally construe *pro se* R&R objections and review de novo when possible. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) ("The Eighth Circuit has … repeatedly emphasized the necessity of de novo review [of R&Rs], and thus retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate.") (quoting *Belk*, 15 F.3d at 815); *Belk*, 15 F.3d at 815 ("Although not as ideally precise as a pleading from a trained lawyer, petitioner's objections were certainly definite enough to require *de novo* review."). Thus, because Fisher is *pro se* and his objections are ever so slightly different than his previous arguments, the Court will review de novo.

After reviewing petitioner's claim, the Court concludes that Fisher has not stated a claim for which habeas relief is available because he is pleading a state law issue. The Supreme Court has reiterated that "federal habeas corpus relief does not lie for errors of state law." *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).[2]

Here, Fisher argues his criminal-history score was miscalculated. Whether or not the district court properly calculated his criminal-history score is a matter of Minnesota law. *Strobel v. Titus*, No. 19-583, 2020 WL 869981 at *1 (D. Minn. Feb. 21, 2020) (adopting the magistrate Judge's recommendation that Minnesota criminal-history calculation is a

---

[2] *See also Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); 28 U.S.C. § 2254(a) (unambiguously providing that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that [they] are in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

state law issue not suitable for habeas relief); *Welch v. Fabian*, No. 09-1404, 2009 WL 2170993 at *2 (D. Minn. July 17, 2009) (summarily rejecting petitioner's habeas corpus petition because it was based on sentence miscalculation and involved "only the interpretation and application of Minnesota *state* law"). As such, this claim is not suitable for habeas corpus relief. *See Engle v. Isaac*, 456 U.S. 107, 119 (1982) ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation omitted).

In his objection, Fisher asserts that the miscalculation of his criminal-history score violates not only state law, but also presents a "federal constitutional breach of protection." (Obj. at 1.) Unfortunately, there are two issues with petitioner's objection: (1) this is the first time that Fisher has raised a federal law violation claim, and (2) the Court finds Fisher's argument is not sufficiently definite and finds no support in the United States Constitution. Thus, Fisher has failed to allege any claim for relief under federal law.

Moreover, even if the miscalculation of his criminal-history score did violate "federal constitutional protections" as Fisher claims, Fisher has not exhausted this particular argument in the Minnesota state courts. It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of

state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)). It "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Petitioners must not only go through the state courts to meet this exhaustion requirement—they must also fairly present their federal claim to the state courts. *Picard*, 404 U.S. 270 at 275–76 ("The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.").

Here, Fisher did not assert "federal constitutional breach of protections" until his objection to the R&R. Neither Fisher's appeal to the Minnesota Court of Appeals nor his petition to the Minnesota Supreme Court alleged any violation of federal or constitutional law. *See* Appellant's Brief, *State v. Fisher*, No. A21-0358, 2021 WL 6194694 (Minn. Ct. App. Aug. 24, 2021) (Fisher's Court of Appeals brief). (*See also* Pet. Writ Habeas Corpus, Ex. at 13–26) (Fisher's petition to the Minnesota Supreme Court).) Because Fisher did not claim any violation of "federal constitutional protections" before the Minnesota state courts, he has not exhausted this argument. Therefore, the Court will overrule Fisher's objection and adopt the R&R.

Lastly, Fisher requests that the Court grant him a Certificate of Appealability ("COA") so that he can "proceed with further federal review." (Obj. at 2.) 28 U.S.C. §

2253(c) dictates that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless a judge issues a COA. A COA should only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(3). The Supreme Court has further clarified that a COA is only appropriate if petitioner has shown "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

The Court finds that Fisher has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate whether his petition for habeas corpus should have been resolved in a different manner. Fisher has neither definitively claimed nor exhausted a federal or constitutional law violation. Therefore, reasonable jurists could not conclude that his petition should have been resolved in a different manner.

## CONCLUSION

Because Fisher has not claimed a violation of federal or constitutional laws and, even if he did, that claim was not exhausted in the Minnesota state courts, the Court will overrule his objection and adopt the R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 3] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 2] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice**; and

4. The Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 19, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge